JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HECTOR MAURICIO SOC GAMBOA

### DEFENDANTS
JONATHAN BING, JR., RIDERS WORTH INTERNATIONAL, and John Does I-V and John Does VI-X

**(b)** County of Residence of First Listed Plaintiff  Montgomery Co., MD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin S. Riechelson, Esq., Kamensky, Cohen & Riechelson, 194 South Broad St., Trenton, NJ  08608

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☒ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332(a)(1)
Brief description of cause:
Motor Vehicle

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ In excess of arbitration Limits

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE  02/14/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey

| | |
|---|---|
| HECTOR MAURICIO SOC GAMBOA )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>JONATHAN BING, JR., RIDERS WORTH )<br>INTERNATIONAL, John Does I-V, JOHN DOES VI-X )<br>)<br>*Defendant* ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* JONATHAN BING, JR.
602 Riverside Avenue
Trenton, New Jersey  08618

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

   Kevin S. Riechelson, Esq.
   Kamensky, Cohen & Riechelson
   194 South Broad Street
   Trenton, New Jersye 08618
   (609) 394-8585

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____
                                                    *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of New Jersey ▼

HECTOR MAURICIO SOC GAMBOA )
)
*Plaintiff* )
)
v. ) Civil Action No.
JONATHAN BING, JR., RIDERS WORTH )
INTERNATIONAL, John Does I-V, JOHN DOES VI-X )
)
*Defendant* )

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Riders Worth International
1362 Edgehill Road
Darby, PA  19023

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kevin S. Riechelson, Esq.
Kamensky, Cohen & Riechelson
194 South Broad Street
Trenton, New Jersye 08618
(609) 394-8585

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                         *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| HECTOR MAURICIO SOC GAMBOA<br><br>Plaintiff,<br><br>vs.<br><br>JONATHAN BING, JR., RIDERS WORTH INTERNATIONAL and John Does I-V and JOHN DOES VI-X<br><br>Defendant, | CIVIL ACTION NO:<br><br>JUDGE: |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Hector Mauricio Soc Gamboa, is an adult individual, who at all times material hereto, lived at 611 Thayer Avenue, Silver Springs, Maryland.

2. Defendant, Jonathan Bing, Jr., is an adult individual, who at all times material hereto, lived at 602 Riverside Avenue, Trenton, New Jersey.

3. Defendant, Riders Worth International, is a company, corporation or other business entity, who at all times material hereto was located at 1362 Edgehill Road, Darby, PA 19023.

4. Defendants John Does I-V are adult individuals, whose identities are unknown, who are alleged to be the operators of a vehicle that was involved in the within accident and are believed to be citizens of either Pennsylvania or New Jersey.

5. Defendants John Does VI-XI are companies, corporations or other business entities, who at all times material hereto, are alleged to be the owners of a vehicle that was involved in the within accident and are believed to be citizens of either Pennsylvania or New Jersey.

## FEDERAL JURISDICATION AND VENUE

6. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. Section 1332(a)(1) in that the Plaintiff is a citizen of Maryland, and defendants are believed to be citizens of Pennsylvania and/or New Jersey.

7. Venue is based upon 28 U.S.C. Section 1391(d), as the accident that is the subject of plaintiffs' Complaint occurred within this judicial district.

8. The Plaintiffs' damages exceed the minimum jurisdictional amount required ($75,000), and also exceed the arbitration limit ($150,000), and a jury trial is demanded.

## FACTS COMMON TO ALL DEFENDANTS

9. On or about November 20, 2017, the Plaintiff was operating his vehicle on East State Street, at or near the intersection with North Olden Avenue.

10. Upon information and belief, defendant, Jonathan Bing, Jr. was the operator of a vehicle traveling on East State Street near the intersection with North Olden Avenue.

11. Upon information and belief, defendant, Jonathan Bing was operating the vehicle as an employee, agent, servant or workman of defendant, Riders Worth International and/or John Does VI-X, and was acting within the course and scope of his employment at the time of said accident.

12. Upon information and belief, defendants, John Does I-V, were employees, agents, servants and workmen and/or the owners and/or drivers of the Hyundai Elantra that was caused in the accident involved hereon on November 20, 2017 and was operating the vehicle as an employee, agent, servant or workman of defendant, Riders Worth International and/or John Does VI-X, and was acting within the course and scope of his employment at the time of said accident.

13. On November 20, 2017, defendants, Jonathan Bing, Jr. and/or John Does I-V were operating a vehicle behind the vehicle operated by plaintiff, when suddenly and without warning, defendant struck the rear of plaintiff's vehicle. The impact caused plaintiff's vehicle to cross the roadway and end up on the other side.

14. After the accident, Jonathan Bing, Jr. and/or John Does I-V fled the scene of the accident, but was identified by police as the driver based on surveillance video of the accident scene.

15. As a result of the impact between defendant(s) vehicle to the rear end of plaintiff's vehicle, plaintiff was injured.

16. As a result of the accident, plaintiff was required to incur medical bills in excess of $158,000, which medical bills exceed the amount of PIP coverage available to plaintiff and remain outstanding.

17. As a result of the accident, plaintiff was caused injury, substantial pain and suffering and loss of life's pleasures.

## COUNT ONE – NEGLIGENCE- JONATHAN BING, JR. AND JOHN DOES I-V

18. Plaintiff repeats the allegations set forth in paragraphs 1 through 17 as if repeated herein at length.

19. The aforesaid motor vehicle collision was caused by the carelessness and negligence of the defendants in the following manner:

    (a) operation of the Defendants' motor vehicle at a high and excessive rate of speed under the circumstances;

    (b) failure to operate the vehicle safely;

    (c) failure to have Defendants' motor vehicle under proper and adequate control under the circumstances;

(d) failing to make a proper observation of vehicles in front of defendants' vehicle;

(e) failure to have due regard for the point and position of said motor vehicle containing the Plaintiff;

(f) violation of the statutes of the State of New Jersey and local ordinances;

(g) otherwise failing to exercise due care under the circumstances;

(h) such other acts of carelessness and negligence as will appear in the course of discovery to be conducted pursuant to the Federal Rules of Civil Procedure at the time of trial in this case;

20. As a result of the defendants' negligence and carelessness, plaintiff sustained injuries in and about his body and extremities, which injuries are or may be serious, severe and permanent as well as mental anguish; has been and may continue to be prevented from attending to Plaintiff's usual activities, duties, and occupations; and have incurred and may continue to incur various medical expenses in and about an effort to cure Plaintiff of the aforesaid injuries.

21. As a result of the defendants' negligence and carelessness, plaintiff has incurred out of pocket medical bills, co-pays and deductibles due to the injuries sustained and medical treatment required. Plaintiff also has outstanding medical bills in excess of $158,000 related to this accident.

**WHEREFORE**, plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

## COUNT TWO – VICARIOUS LIABILITY – RIDERS WORTH INTERNATIONAL AND JOHN DOES VI-X

22. Plaintiff repeats the allegations set forth in paragraphs 1 through 21 as if repeated herein at length.
23. At the time of the accident involved herein, defendant, Jonathan Bing, Jr. and/r John Does VI-X, were employees, agents, servants, workmen operating the vehicle involved in this accident in the course and scope of his employment with defendants, Riders Worth International and/or John Does VI-X.
24. Jonathan Bing, Jr. was negligent in the operation of said vehicle while acting within the course and scope of his employment and/or agency.
25. Defendants, Riders Worth International and/or Joh Does VI-X, is/are vicariously liable for the negligent acts and/or omissions of their employee, agent servant or workman, Jonathan Bing, Jr. and/or John Does I-V.

**WHEREFORE**, plaintiff demands judgment against the Defendants for compensatory damages in an amount in excess of the arbitration limits of this Court, together with interest and costs of suit.

KAMENSKY ◆ COHEN & RIECHELSON
Attorneys for Plaintiff

By: /s/ K. Riechelson
KEVIN S. RIECHELSON, ESQUIRE
194 S. Broad St.
Trenton, NJ 08608
(609) 394-8585/609-394-8620 (fax)
kriechelson@kcrlawfirm.com
Attorneys for the Plaintiff

Dated: February 7, 2019